**MAUGA FESAGAIGA, UTAIFEAU ASUEGA, FAATASIGA MASUNU, VA'A HO-CHING, LEMAFA COFFIN, FATAFATAOMISAUNOA, PURINISESE McMOORE, TAUA'A VAOULI, and FOUA FUIMAONO, Plaintiffs**

**v.**

**ASUEGA FA'AMAMATA LAUVAI, Defendant**

High Court of American Samoa
Land and Titles Division

LT No. 56-90

October 12, 1990

Before KRUSE, Chief Justice, and MATA'UTIA, Associate Judge.

Counsel: For Plaintiffs, Gata E. Gurr
 For Defendant, Charles V. Ala'ilima

On Application for Preliminary Injunction:

The applicants for a preliminary injunction are members of the Asuega family who also hold themselves out as representing the Asuega family. They seek an order to enjoin the senior matai, Asuega F. Lauvai, from continuing with the construction of a FEMA[1] home on a certain piece of communal land which this Court had once before determined in *Pine v. Ieremia*, LT NO. 62-76 (1977) as the traditional site for the matai's sleeping quarters (fale tofa). In so holding, the Court there rejected the claim that site could devolve to the use of the immediate kin of the previous matai. Rather, the site was reserved for the use of the family's incumbent matai and not for the personal use of any one particular member or branch of the family.

On the other hand, the evidence here suggested nothing more than outright disagreement with the matai's actions simply because other members of the family had also made known their contrary desires to utilize the site individually. Plaintiffs are, therefore, advocating the claim that only the family[2] as a whole can determine what may be done with the site.

*Conclusion*

The applicants have sorely failed to establish "sufficient grounds" for the issuance of a preliminary injunction in accordance with the requirements of A.S.C.A. § 43.1301(j).[3] In terms of merit, there

---

[1] The federal agency managing a federal disaster relief program for victims of Hurricane Ofa, which struck the territory in February 1990.

[2] However that term might be defined --- for instance, would the term "family" be limited to that inner circle of the family which Asuega alluded to on the stand as actively rendering service or tautua? *See Fairholt v. Aulava*, 1 A.S.R.2d 73 (1983).

[3] This enactment requires the Court to consider: (1) whether there is substantial likelihood that the applicant will prevail at trial on the merits; and, (2) whether great or irreparable harm will result to the applicant before a full and final trial can be fairly held.

5

was simply nothing in the evidence suggesting cause to interfere with the matai's decision-making. We accept her testimony that she had undertaken construction as the Sa'o of the family on behalf of the family, and not for herself as an individual nor on behalf of her immediate side of the family. Indeed, her actions appear to be perfectly consistent with the Court's conclusions regarding the use of the site in *Pine v. Ieremia*, *supra*. With regard to the issue of great or irreparable harm to applicants, we find none.

The application for a preliminary injunction is denied.

It is so Ordered.